IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**WENDY SMITH**
    AND                                     CASE NO.
JOHNNY L. SMITH
1905 SE 17th STREET
MOORE, OKLAHOMA 73160

    PLAINTIFFS
                                          COMPLAINT AND JURY DEMAND

- VS. -

FOREST RIVER, INC.
55470 COUNTY RD. 1
ELKHART, IN 46514

    DEFENDANT

---

**PRELIMINARY STATEMENT**

1.     This case is about a 2021 Forest River Palomino River Ranch 390RLW recreational vehicle ("RV") that was build and warranted by Defendant Forest River, Inc., and has leaking slide outs and a defective hydraulic jack system, despite multiple and repeated repair opportunities and over 200 days in the repair shop.

2.     This case involves claims asserted under the Indiana and/or California and/or Oklahoma Uniform Commercial Code, the Magnuson Moss Warranty Act, and the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq.

3.     Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of

different states, invoking 28 USC 1332.

4.    The RV which is the subject of this dispute was acquired by Plaintiffs in California and was defective when acquired; ineffective repair attempts were made upon the subject RV by Defendant's authorized representative dealerships in California and Oklahoma; Defendant Forest River, Inc. controlled the speed and processing of warranty repairs from its factory in Indiana; the place where the relationship of the parties arose is California and Indiana because the warranty obligations of defendant were received by Plaintiffs with the purchase of the subject RV in California and made by Defendant from its factory in Indiana; and Forest River, Inc. advertised and solicited the sale of the RVs which it manufactured, including Plaintiffs' RV, in California.

### IDENTIFICATION OF PARTIES

5.    Wendy Smith and Johnny Smith are natural persons domiciled and residing in Oklahoma and are consumers and buyers within the meaning of applicable laws.

6.    Defendant Forest River, Inc. ("Forest River") was at all times relevant a corporation doing business in California, Oklahoma, Indiana and elsewhere and is the manufacturer of the subject RV that Plaintiff acquired from Bobby Waynes RV in Lancaster, California. Defendant has its principal place of business and domicile in and is a citizen and resident of Indiana. Defendant was, at all times relevant, engaged in the business of selling and servicing recreational vehicles through its authorized dealerships and agents, including Bobby Wayne RV, in Lancaster, California.

- 2 -

7.      The Plaintiffs acquired the subject RV from Bobby Waynes RV in Lancaster, California. Bobby Waynes RV performed any pre-sale warranty repairs on the RV, and Plaintiffs presented the subject RV for repairs under the Forest River warranty to Bobby Waynes RV. At all times relevant, Bobby Waynes RV was a supplier, merchant and an authorized representative and agent of Forest River in California for the sale and servicing of Forest River products in California. At all times relevant, Bobby Waynes RV was authorized by Forest River to act for it as its authorized agent and representative in California in all respects related to the sale of the RV involved in this case and the attempted performance of warranty repair and service work upon the subject new Forest River RV, and hundreds of other Forest River products sold by Bobby Waynes RV.

8.      The Plaintiff presented the subject RV for repairs under the Forest River warranty to Oklahoma RV Center, in Moore, Oklahoma. At all times relevant, Oklahoma RV Center was a supplier, merchant and an authorized representative and agent of Forest River in Ohio for servicing of Forest River products in Oklahoma. At all times relevant, Oklahoma RV Center was authorized by Forest River to act for it as its authorized agent and representative in Oklahoma in all respects related to the attempted performance of warranty repair and service work upon the subject new Forest River RV.

**FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT**

9.      This case involves a defective 2021 Forest River Palomino River Ranch 390RLW recreational vehicle that defendant warranted and contracted to warrant but which

- 3 -

it was not able to repair within a reasonable number of chances or within a reasonable amount of time and whose warranty and/or contract defendant breached.

10. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

11. This claim is for breach of express and/or implied warranties and/or contract of warranty by defendant in Indiana and/or California and/or Oklahoma.

12. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

13. At all times relevant, Bobby Waynes RV was a supplier and merchant and an authorized representative and agent of Defendant. Bobby Waynes RV was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Plaintiffs acquired the subject RV from Bobby Waynes RV and Bobby Waynes RV performed repairs to the subject RV under Defendant's warranty.

14. At all times relevant, Oklahoma RV Center was a supplier and merchant and an authorized representative and agent of Defendant. Oklahoma RV Center was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject RV. Oklahoma RV Center performed repairs to the subject RV under Defendant's warranty.

15. On or about January 12, 2022 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from Bobby Waynes RV, Bobby Waynes RV agreed to sell to Plaintiffs, under the terms of a finance agreement with US Bank, and

- 4 -

Defendant contracted and/or agreed to warrant the RV to be free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2021 Forest River Palomino River Ranch 390RLW RV believed to bear VIN No. 4X4FCMR24M6012470, and whose total cost including financing was about $224,011.20.

16. Plaintiffs acquired the RV in reliance on the existence of a written warranty and/or contract of warranty from Defendant and on advertising representations and/or warranties of Defendant.

17. The purpose of Defendant's warranty and/or contract of warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the Defendant's representations about the subject RV and the RVs defendant designed and built, and (d) to give Plaintiffs confidence in Defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

18. After acquiring the RV, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

19. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Forest River, included, but are not limited to:

- Living Room Window Above Couch Leaking;
- Gaps in Left and Right Sides of Entry Door and Door Rubbing;
- Fireplace Inoperable in Living Area;

- Refrigerator Not Cooling, Condensation;
- Freezer Leaks into Refrigerator;
- Refrigerator Will Not Convert from Electricity to Propane;
- Microwave Opening On Its Own;
- Bedroom Slide Leaking;
- Kitchen Slide Leaking;
- Entry Door Chafing/Does Not Close Properly;
- Clothes Rack Coming Down;
- Shelf Sagging Above Washer/Dryer Area;
- Wire Shelf Falling Above Washer/Dryer Area;
- Window Shade in Bedroom Fell Apart/Pops Out;
- Shower Handle Fell Off;
- Driver Side Rear Window Leak;
- Refrigerator - Lower Trim Popped Off;
- Molding Above Microwave Peeling and Discolored;
- Defective Leveling System;
- Kitchen Slide Track Replaced;
- Electrical Cord Defective.

20. Defendant was notified of defects and non-conformities in the RV and the authorized repair facility's failed repair attempts repeatedly prior to filing this case.

21. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranty from Forest River and Forest River did not perform its obligations, as set forth herein above and below.

22. Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of Defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

23. On or about January 12, 2022, after the Plaintiffs had left the dealership, a mobile technician from Bobby Waynes RV attempted to repair the following defects under warranty, at Plaintiffs' request:

- 6 -

- Electrical Cord Defective;
- Entry Door Won't Stay Shut.

However, installation of the new electrical cord caused the fireplace in the living area of the RV to short, and the entry door was not fixed.

24.    On or about May 31, 2022, Plaintiffs presented the RV to Oklahoma RV Center, a factory authorized dealership, for repair of the following defects under Defendant's warranty for about 59 days:

- Kitchen Slide Leaking;
- Living Room Window Above Couch Leaking;
- Bedroom Window Above Bed Pops Out;
- Fridge Condensates More Than Usual;
- Entry Door Won't Stay Shut;
- Entry Door has Gaps and Rubbing;
- Fireplace Inoperable in Living Area;
- Defective Leveling System (rear driver side jack has fluid around it, middle driver side jack has fluid around it).

25.    On or about September 6, 2022, Plaintiffs returned the RV to Oklahoma RV Center, a factory authorized dealership, for repair of the following defects under Defendant's warranty:

- Defective Leveling System (front driver side jack failure/hydraulic lines burst, front passenger side jack failure/hydraulic lines burst);
- Fridge Condensates More Than Usual;
- Freezer Leaks into Refrigerator;
- Fridge Will Not Convert from Electricity to Propane;
- Microwave Opening on its Own;
- Bedroom Slide Leaking;
- Kitchen Slide Leaking;
- Entry Door Rubbing and Does Not Close Properly;
- Clothes Rack Coming Down;
- Shelf Sagging Above Washer / Dryer Area;
- Wire Shelf Falling Above Washer / Dryer Area;
- Window Shade in Bedroom Fell Apart;
- Shower Handle Fell Off;
- Driver Side Rear Window Leak;
- Fridge Lower Trim Popped Off;

- Molding Above Microwave Peeling and Discolored;
- Kitchen Slide Track Replaced.

26. On or about January 25, 2023, Oklahoma RV Center advised Plaintiffs that the kitchen slide motor had gone out during warranty repairs and needed to be replaced under warranty.

27. On or about February 7, 2023, Oklahoma RV Center advised Plaintiffs that repair of the RV's kitchen slide out had failed, that the kitchen slide out was still leaking, that Forest River, Inc. was not providing them with what it would take to repair the kitchen slide out, and that Oklahoma RV Center did not have confidence that it would ever be able to fix the RV's leaking kitchen slide out.

28. As of the date of the filing of this Complaint, the RV is still at Oklahoma RV Center for warranty repairs, and has been since September 6, 2022 – 158 days and counting. Despite this, many of the defects, including the RV's leaking kitchen slide out, are still not fixed.

29. Plaintiffs had numerous phone calls and emails with Forest River, Inc. and its dealers and/or other entities for help with the RV, and during most if not all of these, Plaintiffs were in Oklahoma.

30. After being in the repair shop for about 3 separate times and being out of service a total of more than 158 days and accumulating about 21 defects since its acquisition, 5 of which were attempted to be repaired more than once without success and at least 1 of which were attempted to be repaired more than 3 times, Plaintiffs notified Defendant that they wanted their money back but defendant would not do that.

31. Instead, after receiving notice of the RV's defects and being provided with a final

opportunity to cure, Defendant Forest River, Inc. continued to attempt to repair the RV under its warranty through its authorized dealer Oklahoma RV Center, and the RV remained in the shop for warranty repairs another 59 days, but the RV's defects were not fixed.

32. Defendant Forest River's warranty and/or contract of warranty on this RV "covers the RV against ***Substantial** Defects* in material and workmanship attributable to Forest River's manufacture and assembly of the RV" for "a period of one (1) year from the date of purchase of the RV". In spite of that, this RV was plagued with numerous substantial defects in materials and workmanship that are the fault of Forest River and are still not repaired.

33. Forest River promised Plaintiffs that a "repair" would be provided to them if a substantial defect was found to exist. Even though over 20 substantial defects were found and Forest River was given numerous chances to remedy the defects, Forest River failed to do so as promised, in spite of numerous complaints and opportunities and amounts of time to comply with Forest River's lawful obligation.

34. In spite of Defendant's obligations, when Plaintiffs complained of the inability of Defendant and its authorized warranty-repair facility to repair the RV, Defendant did not repair the subject RV.

35. Prior to filing this case, including on December 20, 2022 and one or more other dates, Plaintiffs provided notice to Defendant about its authorized dealer's failure to adequately repair the RV, its failures to live up to its warranty and/or contract, and its abusive and/or unfair and/or deceptive and/or unconscionable acts or practices.

36.   As a result Defendant breached its express and/or implied warranties and/or contract of warranty and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

37.   Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Forest River as a company.

38.   As a result, Defendant's warranty and/or contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

39.   In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

40.   Through its advertising and otherwise, Defendant represented that the RVs it built were fit for the purpose for which they were designed, that they are safe and suitable RVs for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the RV in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

41.   Through its advertising and otherwise, Defendant represented that the RVs which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such RVs are designed and used, and Plaintiffs relied on such, but the RV involved in this case was not, however, of merchantable quality and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

42. The defects, malfunctions, problems, and non-conformities in the RV severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

43. Defendant's failure to timely fix all of the RV's defects has caused Plaintiffs to lose confidence in the reliability of the subject RV and in the ability of Defendant to repair the RV's defects and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

44. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the RV, and a final opportunity to repair the RV, but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts.

45. As a result of the above facts, Defendant breached its warranties and/or contract of warranty and/or representations with respect to RV.

46. One or more of the defects, malfunctions, problems, and non-conformities in the RV were covered under the terms of Defendant's warranties and/or contract of warranty, and Defendant failed to repair the RV, thereby diminishing the use and/or safety and/or value of the RV and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

47. Defendant and/or one or more of its authorized dealers had notices of the breaches of its express and/or implied warranties and/or contract of warranty and the defective condition of the subject RV within a reasonable time.

48. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of

Defendant's authorized representatives to repair or replace the RV or refund its price in an amount that shall continue to increase, including insurance, title, taxes, loan interest and more, and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

49.     The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

50.     This claim is for breach of express and/or implied warranties and/or contract of warranties and/or defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

51.     As a result of the above, among other things, Defendant has breached its obligations under the Warranty Act and/or its applicable disclosure and/or other regulations and that was abusive and/or unfair and/or deceptive and/or unconscionable to Plaintiffs.

52.     As a result of the above, among other things, defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

53.     As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

## THIRD CLAIM: INDIANA DECEPTIVE CONSUMER SALES ACT

54.  The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

55.  This claim is for violation of the Indiana Deceptive Consumer Sales Act, IC 24-5 et seq, by Defendant.

56.  As a result of the above, among other things, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices, which remain uncured, including but not limited to:

   1.  Representing that the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have;

   2.  Representing that the subject of a consumer transaction is of a particular standard or quality when it is not and the supplier knows or should reasonably know that it is not;

   3.  Representing that the transaction involves or does not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and the supplier knows or should reasonably know that the representation is false;

   4.  Representing that the supplier is able to deliver or complete the subject of the consumer transaction within a stated period of time when the supplier knows or should reasonable know the supplier could not;

   5.  Breach of Express and/or Implied Warranties;

   6.  Violation of the Magnuson Moss Warranty Act;

- 13 -

7.    Violation of other consumer protection statute(s);

8.    Failing to remedy defects in a warranted vehicle within a reasonable number of attempts;

9.    Failing to remedy defects in a warranted vehicle within a reasonable amount of time;

10.    Failing to honor a request to take the vehicle back and/or rescind and/or cancel the sales and warranty transaction;

11.    Failing to honor a request to take the vehicle back and rescind and/or cancel the sales and warranty transaction within a reasonable amount of time;

12.    Including one or more unconscionable and/or unreasonable terms in the written warranty document(s);

13.    Stalling and/or delaying the performance of a legal obligation;

14.    Representing that defects have been repaired when in fact they were not;

15.    Representing the supplier is able to deliver or complete the subject of a consumer transaction within a stated period of time when the supplier knows or reasonably should know the supplier could not;

16.    Soliciting a person to enter into a contract or agreement that contains terms that are oppressively one sided or harsh and/or in which the terms unduly limit the person's remedies, and/or in which the price is unduly excessive, and there was unequal bargaining power that let the person to enter into the contract or agreement unwillingly or without knowledge of the terms of the contract or agreement; and

17.    Refusing to recognize the rights of buyers under the Uniform Commercial

Code when the only remedy afforded by its limited warranty failed of its purpose.

57.    As a result of the above, inter alia, Defendant committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts, omissions, or practices in violation of the Indiana Deceptive Consumer Sales Act, before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2021 Forest River Palomino River Ranch 390RLW.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages and/or statutory damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial.

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, repurchase and/or rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper, equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:          937.432.9503
Email:        Beth@BurdgeLaw.com

Z:\data\Smith, Wendy & Johnny\Core Pleadings\Core Complaint 021023 bw.wpd